# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:15-CV-122

| | |
|---|---|
| COMPOSITE FABRICS OF AMERICA, LLC, | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **ORDER** |
| EDGE STRUCTURAL COMPOSITES, INC., , | ) ) ) ) ) |
| **Defendants.** | ) ) |

**BEFORE THE COURT** is Plaintiff Composite Fabrics of America, LLC's ("CFA") Motion to Remand to State Court (Doc. 10) and accompanying memorandum in support (Doc. 11), to which Defendant Edge Structural Composites, Inc. ("Edge") has responded (Doc. 12). CFA has filed a reply (Doc. 14) to Edge's response.

In Mid-August of 2015, CFA filed a verified Complaint in the General Court of Justice, Superior Court Division, Alexander County, State of North Carolina. (Doc. 1-1). Thereafter, Edge removed this action to this Court. (Doc. 1). Now CFA wants this action to be returned to the North Carolina judicial system.

This case arises from a dispute involving a written agreement between the parties. Said agreement contains a forum selection clause. The clause states as follows:

> 7. <u>Governing Law and Dispute Resolution:</u> This agreement shall be governed by the laws of the State of North Carolina. If a lawsuit is filed, the Courts of the State of North Carolina shall have exclusive jurisdiction over the matter.
>
> The parties agree that should a dispute arise between the parties, the parties shall first attempt to negotiate informally to resolve said dispute. If, after thirty days, the parties are unable to reach an agreement, then the parties agree to mediate the matter with a professional mediator that the parties agree to use. If mediation is unsuccessful, then either party may either demand binding arbitration or file a lawsuit in a North Carolina Court.

1

(Doc. 11-1, at 2). CFA argues that this clause requires the case to be litigated in the North Carolina judicial system. Edge argues that this case may proceed in federal court because Paragraph Seven is ambiguous.

There is not a serious contention regarding whether the parties satisfy 28 U.S.C. § 1332. The issue is whether remand is required due to the forum selection clause in Paragraph Seven. The parties dispute, in particular, the application of *Findwhere Holdings, Inc. v. Systems Env't Optimization, LLC*, 626 F.3d 752 (4th Cir. 2010). In *Findwhere*, the defendants removed a case filed in Virginia state court to the Eastern District of Virginia. *Id.* at 754. The action involved a written agreement between the parties that contained the following forum selection clause:

> This Agreement will be governed by and construed in accordance with the laws of the State of Delaware, USA. Jurisdiction and venue of any dispute or legal action brought by either party arising out of or relating to this Agreement or the commercial relationship of the parties, shall lie exclusively in, or be transferred to, the courts of the State of Virginia, USA. Company [Homeland Securities] hereby submits, consents, and agrees not to contest such jurisdiction and venue....

*Id.* The district court remanded the case because the phrase "exclusively" denoted sovereignty, notwithstanding the fact it is not possible to transfer a case from one state court to another. *Id.*

On appeal, the Fourth Circuit stated:

> [T]he district court applied the widely-accepted rule that forum selection clauses that use the term "in [a state]" express the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state, whereas forum selection clauses that use the term "of [a state]" connote sovereignty, limiting jurisdiction over the parties' dispute to the state courts of the named state.

*Id.* at 755 (internal citations omitted).

The Fourth Circuit adopted this rule and stated that:

2

> The forum selection clause before us is unambiguously expressed in terms of sovereignty and therefore excludes jurisdiction in the federal courts in Virginia. The clause provides that jurisdiction and venue "shall lie exclusively in ... the courts of the State of Virginia." As federal courts are not courts "of" the state of Virginia, the contract language at issue refers to sovereignty rather than geography and limits jurisdiction over the parties' dispute to state court.

*Id.* The Fourth Circuit then addressed the Defendants' argument that the phrase "or to be transferred to" implied concurrent jurisdiction because a transfer can only be effectuated from a federal court. *See id.* at 755-56; *see* 28 U.S.C. § 1404(a). This construction was not adopted because "acceptance of this argument would require . . . disregard [of] the plain language of an unambiguous clause assigning exclusive jurisdiction . . . to an identified state court." *Id.* Further, the Court found that refusal of such a construction retained the "significance of the entire forum selection clause." *Id.*

The clause in question in the instant case explicitly provides that "[i]f a lawsuit is filed, the Courts of the State of North Carolina shall have exclusive jurisdiction over the matter." This clause, per *Findwhere*, requires that litigation proceed in state court and not federal court because this Court is not a Court "of the State of North Carolina." Defendant argues that the second clause in Paragraph Seven of the agreement makes it ambiguous. The second clause requires the parties to engage in a series of steps, with increasing formality, to resolve their dispute before engaging in active litigation. First, they must attempt to informally resolve the matter. If this method is not successful, they must mediate. Then "[i]f mediation is unsuccessful . . . either party may either demand binding arbitration or file a lawsuit in a North Carolina Court."

The Court will interpret these provisions in accordance with North Carolina law, as the contract provides. *FindWhere*, 626 F.3d at 766. "[A] contract must be construed as a whole,

3

considering each clause and word with reference to all other provisions and giving effect to each whenever possible." *Williamson v. Bullington*, 534 S.E.2d 254, 256 (N.C. Ct. App. 2000) (quoting *Marcoin, Inc. v. McDaniel,* 320 S.E.2d 892, 897 (N.C. Ct. App. 1984)) *aff'd,* 544 S.E.2d 221 (N.C. 2001). "[I]n reviewing the entire agreement, [the] task is not 'to find discord in differing clauses, but to harmonize all clauses if possible.'" *State v. Philip Morris USA Inc.*, 685 S.E.2d 85, 91 (N.C. 2009) (quoting *Peirson v. Am. Hdwe. Mut. Ins. Co.,* 107 S.E.2d 137, 139 (N.C. 1959)). "'An ambiguity exists in a contract when either the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations.'" *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 723 S.E.2d 744, 748 (N.C. 2012) (quoting *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs.,* 658 S.E.2d 918, 921 (N.C. 2008)).

It is clear, when viewing the entire agreement, that the first clause directs the parties to a particular forum. The second clause provides a series of steps that a party must take before engaging in active litigation. As a matter of last resort, a party "may . . . file a lawsuit." However, the first clause directs the party *where* to the file the lawsuit by stating that "[i]f a lawsuit is filed . . . ." Accordingly, said clauses are entirely consistent.

Defendant did not respond to the argument advanced by Plaintiff regarding whether said initial clause was mandatory or unreasonable. Accordingly, the Court finds that the clause in issue is mandatory and reasonable.

**[Decretal and signature follows]**

**IT IS, THEREFORE, ORDERED THAT**

**(1) Composite Fabric's Motion to Remand (Doc. 10) is GRANTED; and**

**(2) The case is remanded to the General Court of Justice, Superior Court Division, Alexander County, State of North Carolina.**

Signed: November 12, 2015

Richard L. Voorhees
United States District Judge